DECISION AND JUDGMENT
{¶ 1} Appellant, S.A. Knowles, appeals from an entry of summary judgment that was entered against her and in favor of appellees, John A. Krebs and Patricia S. Krebs. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On May 18, 1990, the Krebses acquired ownership of a 25-acre parcel of land located in Huron Township, Ohio, pursuant to a fiduciary deed from the Ameritrust Company ("Krebs deed"). Under the heading "Parcel No. 3," the Krebs deed describes a 20-foot parcel of land (comprising approximately 0.75 acres). This 20-foot parcel of land *Page 2 
is referred to in the current litigation as the "driveway." According to the Krebs deed, the Krebses are the legal owners of the driveway.
 {¶ 3} On June 5, 1995, Knowles became the owner of a 28-acre parcel of land located in Huron Township, Ohio, pursuant to a warranty deed from her mother, C. Hughes, Trustee ("Knowles deed"). The Knowles property is located east of, and adjacent to, the driveway. Knowles' mother, C. Hughes, Trustee, acquired ownership of this property in 1988, pursuant to a warranty deed from Edward J. Bishop and Madeline J. Bishop ("Hughes deed"). In the property descriptions, the Hughes deed and the Knowles deed identify a right of way over the driveway as a means of ingress to and egress from the property.
 {¶ 4} The Krebses do not dispute that Knowles has a right of ingress and egress over the driveway. In fact, John Krebs testified that when he purchased the property, he was informed that the owners of the Knowles property had such a right. Mr. Krebs further testified that he is not challenging, and never has challenged, Knowles' right to use the driveway for purposes of ingress and egress to her property.
 {¶ 5} In 1998, the Krebses erected an unlocked, swing gate on the driveway, in response to vandalism at their property. According to deposition testimony by Mr. Krebs, the gate could be, and in fact was, opened by adjacent property owners for purposes of ingress to and egress from their own properties. Knowles has not offered any *Page 3 
evidence to show that the Krebses, or the gate they erected, in any way interfered with her right of ingress and egress over the driveway.
 {¶ 6} Knowles alleges in her complaint that Mr. Krebs contacted her attorney (and husband), James T. Murray, to obtain permission to erect the gate on the driveway and that such permission, subject to revocation, was granted. (Mr. Krebs, for his part, denies ever requesting permission to erect the gate. He stated that because he owns the subject property, he did not think he needed Knowles' permission to erect the gate.)
 {¶ 7} Knowles claims in her complaint that, at some point, she became concerned that, "in the absence of some written confirmation of the permission given by the plaintiff," the Krebses would eventually make "a claim of adverse possession." In response to this concern, attorney Murray requested written confirmation from Mr. Krebs that Knowles had granted the Krebses permission to erect the gate and that the Krebses would not assert a claim for adverse possession against her. Knowles alleges that Mr. Krebs did not respond to Murray's request.
 {¶ 8} On or about September 26, 2006, attorney Murray sent another letter to Mr. Krebs, this time revoking the previously granted permission to erect the gate and demanding that Mr. Krebs remove the gate by October 5, 2006. When the Krebses did not remove the gate, Knowles filed the instant lawsuit against them.
 {¶ 9} Knowles filed her complaint for declaratory judgment and damages against the Krebses on October 19, 2006. Declaring herself the owner of the dominant or fee *Page 4 
interest in the driveway, Knowles asserted claims for intentional trespass, intentional interference with her rights of ownership, and fraud. On January 10, 2007, the Krebses filed their answer to Knowles' complaint, stating, among other things, that the Krebses are the legal and equitable owners of the property and, alternatively, that Knowles has no equitable or legal ownership rights in the property.
 {¶ 10} In March 2007, the trial court granted the parties until September 4, 2007, to file dispositive motions. That same month, the Krebses filed their motion for summary judgment. The Krebses based their motion on the grounds that they (and not Knowles) own a fee simple interest in the driveway.
 {¶ 11} On July 5, 2007, Knowles filed a motion to compel and motion for sanctions requesting that the trial court compel the Krebses to respond to her written discovery requests. The Krebses filed a brief in opposition to this filing.
 {¶ 12} On August 31, 2007, Knowles filed a partial response to the Krebses' motion for summary judgment. In her partial response, Knowles states that she is not capable of fully responding because the Krebses denied her discovery on the issue of interrogatory No. 4, namely the identity of the Krebses' title examiner.[1]
 {¶ 13} In support of her response to the Krebses' motion for summary judgment, Knowles submitted: (1) her own affidavit; (2) the affidavit of local real estate attorney Jeffrey Rengel; and (3) the affidavit of title examiner Garth Flittner. *Page 5 
 {¶ 14} Knowles' affidavit states only that she is the owner of the Knowles property; that there was never a fence or any evidence of a fence on the driveway prior to the erection of the gate; and that she spent money to trim shrubbery along the driveway to keep it open, clear, and usable.
 {¶ 15} Flittner's affidavit presents opinions about the scope and meaning of title insurance coverage for the driveway. Flittner does not and cannot state whether Knowles has any ownership interest in the driveway; he goes so far as to state that the issue is for the court to decide.
 {¶ 16} Rengel's affidavit provides a legal opinion as to the consequences that a ruling on summary judgment will have on Knowles' rights of ingress and egress.
 {¶ 17} On September 13, 2007, Knowles filed a motion for leave to file a first amended complaint. The Krebses opposed this motion.
 {¶ 18} On February 14, 2008, the trial court issued an order and judgment entry that: (1) granted the Krebses' motion for summary judgment; (2) denied Knowles' motion to compel and request for sanctions; and (3) denied Knowles' motion for leave to file a first amended complaint. Knowles filed an appeal from this order and judgment entry, raising the following assignments of error:
 {¶ 19} I. "EVEN ASSUMING THERE IS SUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT A FINDING THAT APPELLEE [sic] OWNS THE FEE *Page 6 
INTEREST IN THE DISPUTED DRIVEWAY, SUMMARY JUDGMENT WAS ERRONEOUSLY GRANTED."
 {¶ 20} II. "EVEN ASSUMING THERE WAS CREDIBLE EVIDENCE IN THE RECORD SUGGESTING THAT THE FEE INTEREST IS OWNED BY APPELLEES, THE COURT ERRED IN GRANTING SUMMARY JUDGMENT WITHOUT ALLOWING APPELLANT TO COMPLETE DISCOVERY THAT CLEARLY HELD OUT THE POTENTIAL OF ALLOWING APPELLANT TO DEMONSTRATE THAT APPELLEES OWNED SOMETHING OTHER THAN A FEE INTEREST IN THE DISPUTED DRIVEWAY."
 {¶ 21} III. "THE TRIAL COURT ERRED BY ALLOWING APPELLEES TO REFUSE TO ANSWER REQUESTS FOR ADMISSIONS AND OTHERWISE RESPOND TO DISCOVERY DESIGNED TO PLACE ON THE RECORD ISSUES THAT APPELLEES ADMITTED IN NON-EVIDENTIARY FILINGS."
 {¶ 22} IV. "THE TRIAL COURT ERRED BY DENYING APPELLANT THE OPPORTUNITY TO FILE A MOTION FOR SUMMARY JUDGMENT OF HER OWN."
 {¶ 23} V. "THE TRIAL COURT ERRED BY FAILING TO ADDRESS ISSUES UNRELATED TO OWNERSHIP OF THE FEE INTEREST."
 {¶ 24} VI. "THE TRIAL COURT ERRED BY REFUSING TO GRANT PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT." *Page 7 
 {¶ 25} We begin with Knowles' first and fifth assignments of error, wherein she argues that the trial court erred in granting the Krebses' motion for summary judgment.
 {¶ 26} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Civ. R. 56(C) provides:
 {¶ 27} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule. * * *"
 {¶ 28} Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party.Ryberg v. All state Ins. Co. (July 12, 2001), 10th Dist. No. 00AP-1243, citing Tokles Son, Inc. v. Midwestern Indemnity Co. (1992),65 Ohio St.3d 621, 629.
 {¶ 29} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the non-moving *Page 8 
party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once this burden has been satisfied, the non-moving party has the burden, as set forth at Civ. R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
 {¶ 30} On appeal, Knowles argues in both her first and fifth assignments of error, that summary judgment was improperly granted in this case. As indicated above, Knowles asserted claims against the Krebses for intentional trespass, intentional interference with her ownership rights, fraud, and declaratory relief — all because the Krebses erected an unlocked, swing gate upon the subject driveway. We note that Knowles, in making her argument on appeal, has failed to present any evidence to establish the elements of her claims against the Krebses. In addition, she has failed to present any law in support of her asserted claims.
 {¶ 31} Under Ohio law, "[a] common-law tort in trespass upon real property occurs when a person, without authority or privilege, physically invades or unlawfully enters the private premises of another whereby damages directly ensue * * *." Linley v. DeMoss (1992),83 Ohio App.3d 594, 598.
 {¶ 32} Knowles' claim for trespass necessarily fails because the record clearly shows that the Krebses own the driveway upon which they erected the gate. Knowles has not presented any evidence to prove otherwise. Her own affidavit does not dispute this fact. Since the Krebses cannot be held liable for trespassing upon their own property, the *Page 9 
trial court properly granted summary judgment to the Krebses on Knowles' trespass claim.
 {¶ 33} Regarding Knowles' claim for intentional interference with her ownership rights to the driveway, we note that, other than a common law claim for trespass, Ohio law does not recognize a private cause of action for intentional interference with ownership rights to real property.
 {¶ 34} Even assuming, arguendo, that Ohio law did recognize a claim for intentional interference with ownership rights to real property, Knowles' claim would fail. In her complaint, Knowles states that she is the fee simple owner of the driveway and that the Krebses have only a right of ingress and egress over the driveway. As indicated above, the undisputed evidence shows that the reverse is true. The Krebses own the driveway, and Knowles has only a right of ingress and egress over the driveway. The Krebses cannot interfere with ownership rights to a driveway that belongs to them. For all of the foregoing reasons, the trial court properly granted summary judgment to the Krebses on Knowles' claim for intentional interference with her ownership rights.
 {¶ 35} The essential elements of a claim for fraud are: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it; (5) justifiable *Page 10 
reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. Cohen v. Lamko, Inc. (1984),10 Ohio St.3d 167, 169.
 {¶ 36} In her complaint, Knowles alleges that the Krebses refused to confirm in writing that they were given permission to erect the gate, thereby demonstrating their fraudulent intent to obtain an interest in the driveway. Neither this allegation, nor any of the evidence in the record, establishes any of the elements of a claim for fraud. Accordingly, the trial court properly granted summary judgment to the Krebses in connection with this claim.
 {¶ 37} In her brief, Knowles argues that the trial court erred in granting the Krebses' motion for summary judgment, because it failed to address Knowles' claim for declaratory relief. Specifically, Knowles states that the trial court failed to declare that: (1) "the defendants had no right at any time to erect a gate on the driveway or across the driveway;" and (2) the "* * * refusal by the defendant John Krebs to remove the gate was * * * an intentional interference with plaintiffs ownership."[2] Once again, Knowles fails to provide this court with any legal basis entitling her to declaratory relief.
 {¶ 38} A declaratory judgment action provides a means by which parties can eliminate uncertainty regarding their legal rights and obligations.Travelers Indem. Co. v. Cochrane (1951), 155 Ohio St. 305, 312. To establish a claim for declaratory relief, a party must demonstrate that: (1) a real controversy exists between the parties; (2) the *Page 11 
controversy is justiciable in character; and (3) speedy relief is necessary to preserve the rights of the parties. Aust v. Ohio StateDental Bd. (2000), 136 Ohio App.3d 677, 681.
 {¶ 39} "A real, justiciable controversy is a `genuine dispute between parties having adverse interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Reinbolt v. NationalFire Ins. Co. of Hartford (2004), 158 Ohio App.3d 453, 459, quotingWagner v. Cleveland (1988), 62 Ohio App.3d 8, 13. "The controversy must be a real or actual controversy" and "the resolution of that controversy must confer certain rights or status upon the litigants." Id. at 459, citing Burger Brewing Co. v. Liquor Control Comm. (1973),34 Ohio St.2d 93, 97 and J.C Penney Cas. Ins. Co. v. Professionals Ins. Co. ofOhio (1990), 67 Ohio App.3d 167, 172. In order for a justiciable question to exist, "`[t]he danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events * * * and the threat to his position must be actual and genuine and not merely possible or remote.'" League for Preservation of Civil Rights v.Cincinnati (1940), 64 Ohio App. 195, 197, quoting Borchard, Declaratory Judgments, at 40.
 {¶ 40} Where a plaintiff has no right to a declaratory judgment, the trial court may deny the plaintiffs claim for declaratory relief on summary judgment without any explanation for its ruling. SeeO'Donnell v. State of Ohio, 4th Dist. No. 05CA3022, 2006-Ohio-2696, ¶ 10-11. If the trial court dismisses a declaratory judgment action without making a declaration of the rights of the parties, it is considered a determination *Page 12 
by the trial court that the plaintiff has no right to declaratory relief. Id. Accordingly, the trial court's decision granting the Krebses' motion for summary judgment is tantamount to a ruling that Knowles is not entitled to the declaratory relief she requested.
 {¶ 41} Knowles' claim for declaratory relief is somewhat confusing. In her complaint, she claimed that she had fee simple ownership to the driveway, and that the Krebses held only a right of ingress and egress over the driveway. As the evidence makes clear in this case, Knowles is not the fee simple owner of the driveway, and the Krebses (themselves the fee simple owners of the driveway) have more than a right of ingress and egress over the subject property. Obviously, the factually incorrect allegations that underlie Knowles' claim for declaratory relief, as set forth in her complaint, themselves constitute a sufficient basis for the trial court's entry of summary judgment against her with respect to this claim.
 {¶ 42} We note that Knowles, at some point in the litigation, appears to have realized her mistake about the ownership of the driveway. She abandoned her claim of fee simple ownership to the driveway and, instead, asserts that she is the holder of an easement over the driveway for the purpose of ingress to and egress from her property. Her new position is consistent with the language of her deed, as well as the deed of her predecessor-in-interest, which provides for this easement. Again, the Krebses do not and have not challenged the existence or operation of this easement in favor of Knowles. *Page 13 
 {¶ 43} Even reviewing this appeal on the basis of Knowles' new allegations, there is no real or actual controversy, because there is no dispute that the Krebses own the driveway and that Knowles holds an easement over the driveway for the purpose of ingress and egress. Accordingly, the trial court had no new rights or status to confer upon the parties through a declaratory judgment action in this case. SeeReinbolt, supra, at 459.
 {¶ 44} The fact that the Krebses erected an unlocked, swing gate over the subject driveway does not change this analysis. "An easement is an interest in the land of another which entitles the owner of the easement to a limited use of the land in which the interest exists." Szaraz v.Consolidated RR. Corp. (1983), 10 Ohio App.3d 89, 91, citing 36 Ohio Jurisprudence 3d 386, Easements and Licenses, Section 1. "An easement implies necessarily a fee in another, and it follows that it is a right, by reason of such ownership, to use the land for a special purpose, and one not inconsistent with the general property in the land of the owner of the fee; his property rights, however, to be exercised in such a way as not to unreasonably interfere with the special use for which the easement was acquired." Cincinnati, Hamilton Dayton Ry. Co. v.Wachter (1904), 70 Ohio St. 113, 118.
 {¶ 45} In this case, Knowles does not argue, let alone present any evidence, that the swing gate erected by the Krebses obstructed, unreasonably burdened, or interfered with her use of the driveway for the purpose of ingress and egress to her property. Her *Page 14 
own affidavit does not even set forth such allegations. To the contrary, the evidence shows that the gate existed over the driveway for a number of years with the permission and knowledge of Knowles, herself. And, again, undisputed testimony by Mr. Krebs establishes that the gate is unlocked and that other adjacent landowners pass through the gate as needed and without issue.
 {¶ 46} Knowles' problem with the gate, as indicated in her own pleadings, has nothing to do with any interference with her use of the easement, but rather arises from Knowles' anger toward the Krebses for their refusal to sign a document confirming that they received permission from her to erect the gate on the driveway.
 {¶ 47} In light of the undisputed showing that the unlocked, swing gate does not presently obstruct, unreasonably burden, or otherwise interfere with Knowles' right of ingress to and egress from her property, Knowles cannot establish that a real and justiciable controversy exists as it relates to the existence of the gate on the driveway or that speedy relief is necessary to preserve her right to use the driveway for purposes of ingress to and egress from her property.
 {¶ 48} Knowles simply has not presented any Ohio law to support her request for a declaration that the Krebses were not permitted to erect a subject gate over the subject driveway. Nor has she demonstrated that the gate in any way interfered with her ownership rights. Although an easement may be extinguished by adverse possession, use by the owner of the property is not adverse unless an inconsistent right or easement is *Page 15 
asserted. See Saraz, supra, at 91. "`In order to destroy an easement by adverse use, the use must be adverse to the enjoyment of such easement by the owner thereof; it must be a denial of right in the owner of the easement to use it for the purposes thereof.'" Id., citing 2 Ohio Jurisprudence 3d 606, Adverse Possession, Section 94.
 {¶ 49} In the instant case, Knowles does not argue, and the evidence in no way shows, that the swinging gate on the driveway constitutes a denial of Knowles' right to use the easement for purposes of ingress to and egress from her property. See id. Accordingly, there is no showing of an adverse use of the property by the Krebses. See id.
 {¶ 50} For all of the foregoing reasons, we find that the trial court properly granted the Krebses' motion for summary judgment on the entirety of Knowles' claims, including her request for declaratory relief. Knowles' first and fifth assignments of error are therefore found not well-taken.
 {¶ 51} Knowles argues in her second and third assignments of error, respectively, that the trial court erred: (1) in granting summary judgment without allowing Knowles to complete discovery "that clearly held out the potential of allowing appellant to demonstrate that the Krebses owned something other than a fee interest in the disputed driveway;" and (2) in allowing the Krebses to refuse to answer requests for admissions and otherwise respond to discovery designed to place on the record issues that appellees admitted in non-evidentiary filings." Specifically, Knowles sought: (1) the identity of the *Page 16 
title examiner or other person who made the decision to refuse to extend insurance coverage to the Krebses; and (2) admissions from the Krebses that Knowles has a right to ingress and egress over the driveway.
 {¶ 52} Trial courts have broad discretion in enforcing discovery rules; such rulings will not be reversed absent an abuse of discretion.B.F.G. Employees Credit Union, Inc. v. Kopco Co., 9th Dist. No. 01CA007929, ¶ 11. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude unreasonable, arbitrary or unconscionable. Id. Absent an abuse of discretion that prejudicially affects a substantial right of the moving party, an appellate court will not reverse a trial court's ruling on a discovery matter. Orbit Electronics, Inc. v. Helm Instrument Co., Inc.,167 Ohio App.3d 301, 2006-Ohio-2317, ¶ 10.
 {¶ 53} Kowles states that she wanted to discover the identity of the Krebses' title examiner so that she could ask the title examiner why he or she refused to insure the Krebses' interest in the subject driveway. Knowles claims that she sought this information by way of her Interrogatory No. 4, which asked for the identity of any persons involved in the acquisition of the Krebses' property including "any title examiner, attorney, broker, [or] real estate agent," and by way of her Request for Production of Documents No. 3, which asked the Krebses to produce documents relating to the acquisition or ownership of the driveway, specifically, any sale, title, or closing documents. *Page 17 
 {¶ 54} The Krebses argue that the requested information was satisfactorily provided by Mr. Krebs at his deposition, when he identified Nancy Haley as the relevant title examiner and First American Title as the relevant insurance company. We agree. Upon obtaining this information, Knowles was free to conduct whatever discovery she wanted upon Haley and First American Title. Knowles' suggestion that the trial court erred in granting summary judgment because it denied her this discovery is deemed to be without merit.
 {¶ 55} As to the admissions of the Krebses, we initially note that Knowles never filed a motion to compel responses to her request for admissions, nor did she exercise her right to file a motion to deem her requests admitted.
 {¶ 56} Even if she had followed one of these procedures, Knowles concedes in her brief that Mr. Krebs admitted at his deposition that she owns a right of way over the driveway and that her subsequent requests for admissions were aimed at obtaining this same admission from him, "nothing more or nothing less." The trial court did not err by denying Knowles discovery that she admittedly obtained through Mr. Krebses' deposition testimony.
 {¶ 57} In the instant case, the trial court did not deny Knowles any of the requested discovery, much less abuse its discretion in connection with these discovery matters. Accordingly, Knowles' second and third assignments of error are found not well-taken. *Page 18 
 {¶ 58} Knowles argues in her fourth assignment of error that the trial court denied her the opportunity to file a motion for summary judgment. As indicated above, we have rejected Knowles' argument that the trial court erred in granting summary judgment because it denied her certain discovery. In the five months between the dispositive motion deadline and the ruling on the Krebses' motion for summary judgment, Knowles had every opportunity to conduct the necessary discovery and file a motion for summary judgment or a motion for leave to file a motion for summary judgment. Instead, she chose not to act. Knowles herself, and not the trial court, denied Knowles the opportunity to file a motion for summary judgment. Accordingly, Knowles' fourth assignment of error is found not well-taken.
 {¶ 59} Finally, Knowles argues in her sixth assignment of error that the trial court erred in refusing to grant her leave to file a first amended complaint. As stated in her motion for leave to amend her complaint, Knowles sought leave to amend her complaint to: (1) add her attorney, James T. Murray, as a party so he could testify in the action; and (2) add Edward J. Bishop, predecessor-in-interest to the Knowles property, to defend the warranties of a right to ingress and egress over the driveway that he granted to Knowles' mother in the Hughes deed. In light of our previous determination upholding the trial court's decision granting the Krebses' motion for summary judgment, we find Knowles' sixth assignment of error to be moot. *Page 19 
 {¶ 60} For all of the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. This case is remanded to the trial court for entry of a judgment consistent with this decision. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 20 
Mark L. Pietrykowski, J., Arlene Singer, J., William J. Skow, P.J., CONCUR.
[1] As will be discussed more fully, infra, in our discussion of Knowles' second assignment of error, Mr. Krebs, at his July 13, 2007 deposition, did, in fact, identify both the title examiner and the relevant title insurance company.
[2] We note that the second request for declaratory relief was included in the proposed first amended complaint, which was not permitted to be filed. *Page 1