[Cite as *Lakeview Loan Servicing, L.L.C. v. Amborski*, 2016-Ohio-2978.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Lakeview Loan Servicing, LLC | Court of Appeals No. L-14-1242 |
| Appellee | Trial Court No. CI0201402520 |
| v. | |
| Joyce J. Amborski, et al. | **DECISION AND JUDGMENT** |
| Appellant | Decided: May 13, 2016 |

* * * * *

Andrew C. Clark, Matthew P. Curry, Melissa N. Hamble,
Angela D. Kirk, Matthew J. Richardson and Craig J. Spadafore,
for appellee.

George C. Rogers, for appellant.

* * * * *

**JENSEN, P.J.**

## Introduction

{¶ 1} This is an appeal from a judgment in foreclosure of the Lucas County Court of Common Pleas. The court granted summary judgment in favor of appellee Lakeview Loan Servicing, LLC and denied summary judgment to the homeowner, Joyce Amborski. For the reasons set forth below, we affirm.

**Procedural History and Facts**

{¶ 2} On August 1, 2001, Kenneth and Joyce Amborski, husband and wife, purchased a home located at 2156 Hoops Drive, Toledo in Lucas County, Ohio. To finance the purchase, Joyce Amborski borrowed $54,750 from lender, Fortune Financial Company, Inc., which she agreed to repay in a promissory note. The repayment obligations were secured by a mortgage, executed by Mrs. Amborski and her husband.

{¶ 3} The mortgage was immediately assigned from Fortune Financial Company, Inc. to Liberty Lending Services, Inc., and both the mortgage and assignment of mortgage were recorded with the county. Liberty assigned the mortgage to Lakeview Loan Servicing, LLC, the appellee herein, on August 22, 2013, and that assignment was also recorded.

{¶ 4} According to the complaint, Mrs. Amborski (hereinafter "appellant") defaulted on the payment obligations set forth in the note and mortgage on January 1, 2014. On May 20, 2014, appellee filed suit against appellant, Mr. Amborski, Huntington National Bank, and the city of Toledo. Appellee alleged that the principle amount of $42,761.47, plus interest, was due, and that appellee was entitled to enforce the note and to have the Amborskis' right of redemption foreclosed.

{¶ 5} Through counsel, appellant answered the complaint. On June 18, 2014, she served appellee with "request for admissions, production of documents, and interrogatories." By agreement, appellee's deadline to respond to same was July 25, 2014.

2.

{¶ 6} Counsel for appellee claims that they believed discovery responses were served on July 22, 2014, but due to an internal problem in their mailroom, the responses may not have been sent.

{¶ 7} Ten days after the deadline passed, on August 5, 2014, appellant filed several items with the trial court:  a notice of admissions conclusively admitted per Civ.R. 36(B); a motion to compel, a motion for summary judgment; and a memorandum opposing appellee's own motion for summary judgment.

{¶ 8} In response, appellee moved "to strike (or withdraw)" the notice of admissions and opposed the motion to compel.

{¶ 9} By order dated September 12, 2014, the trial court granted appellee's motion to strike appellant's notice of admissions, and it denied appellant's motion to compel.

{¶ 10} On October 17, 2014, the court issued a judgment entry and decree of foreclosure wherein it granted appellee's motion for summary judgment and denied appellant's cross-motion for summary judgment.  It also entered judgment to appellee for the amount due on the note and ordered the equity of redemption foreclosed, with the property to be sold. [1]

{¶ 11} Appellant appealed.

---

[1] The trial court also entered a default judgment as to Kenneth Amborski and the Huntington National Bank.  Neither appealed.

3.

## Appellant's Assignments of Error

I. The Trial Court Erred in Striking defendants' Notice of Admissions filed August 15, 2014 and in denying defendant's motion of August 5, 2014 to compel discovery response [sic].

II. The Trial Court Erred in granting plaintiff's motion for summary judgment and in denying defendant's motion for summary judgment.

## Law and Analysis

{¶ 12} Appellant's first assignment of error pertains to the trial court's decision to deny her motion to compel and to grant appellee's motion to strike her notice of admissions.

{¶ 13} Trial courts have broad discretion in enforcing discovery rules, and such rulings will not be reversed absent an abuse of discretion. *Knowles v. Krebs*, 6th Dist. Erie No. E-08-023, 2009-Ohio-774, ¶ 52. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. *Id.* Absent an abuse of discretion that prejudicially affects a substantial right of the moving party, an appellate court must affirm a trial court's disposition of discovery issues. *State ex rel. The V. Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 692 N.E.2d 198 (1998).

{¶ 14} Here, appellant states that appellee's failure to answer her request for admissions by the agreed deadline resulted in those matters being admitted by rule under

Civ.R. 36(A). Appellant claims that permitting appellant to withdraw the admissions was improper under Civ.R. 36(B).

{¶ 15} Admissions are governed by Civ.R. 36, which provides, in pertinent part:

(A) Availability; procedures for use

The matter is admitted unless, within a period designated in the request, * * * the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. * * *

(B) Effect of admission

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. * * * *[T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits.* * * * (Emphasis added.)

{¶ 16} The term "subserve" means "to promote the welfare or purposes of" or "to serve as a * * * means in carrying out." *Webster's Ninth New Collegiate Dictionary,* 1176 (1985).

{¶ 17} Under Civ.R. 36(B), the burden is on the party wishing to withdraw to show how withdrawal of the admissions would assist in reaching a just resolution of the

5.

action on its merits.  This burden is met when the effect of denying a motion to withdraw would "practically eliminate any presentation of the merits."  (Other citations omitted.) *Stevens v. Cox*, 6th Dist. Wood No. WD-08-020, 2009-Ohio-391, ¶ 52, quoting *Kutscherousky v. Integrated Communications Solutions, LLC,* 5th Dist. Stark No.2004 CA 00338, 2005-Ohio-4275, ¶ 17.

{¶ 18} "[T]he trial court is directed to focus on the 'effect upon the litigation and prejudice to the resisting party' * * * rather than focusing on the moving party's excuses for an erroneous admission. * * *."  (Citations omitted.)  *Cox* at ¶ 51.

{¶ 19} Here, appellant propounded five requests for admissions upon appellee, two of which asked that appellee admit (1) that it did not have possession of the original note and (2) that it did not deliver to appellant the notice of default.  These two issues go to the heart of appellee's foreclosure case.  As discussed in further detail in the next section, if appellee is deemed to have admitted that it did not have possession of the original note and/or that it failed to notify appellant that it was accelerating the note, such admissions would effectively nullify its ability to make out its prima facie case.  Indeed, the presentation of the merits was subserved by permitting appellee to withdraw the admissions.  Allowing a party to withdraw an admission "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice."  *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67, 485 N.E.2d 1052 (1985).

6.

{¶ 20} We see no evidence of prejudice to appellant. The record reveals that appellee's counsel advised appellant early in the discovery phase, "With regard to the Original Note and Mortgage, I would be happy to set up a [time] for you to come inspect them at my office, but I am unable to send them to [your] office." Thus, appellant can hardly claim that she was under the illusion, based upon the admissions, that appellee did not possess the note or mortgage.

{¶ 21} Moreover, discovery was not set to close until April 13, 2015. Therefore, she had six months, ample time, to conduct further discovery once the trial court allowed appellee to withdraw the admissions.

{¶ 22} For these reasons, we cannot say that the trial court abused its discretion by granting appellee's withdrawal of admissions.

{¶ 23} The same is true with regard to the trial court's denial of appellant's motion to compel. Service of appellant's August 5, 2014 motion to compel notified appellee that its discovery responses were never received, despite allegedly serving them on July 22, 2014. Once so advised, appellee's counsel immediately dispatched another set of discovery responses (August 8, 2014), rendering appellant's motion to compel moot.

{¶ 24} We also note that, before filing the motion to compel, appellant failed to contact appellee to discuss the whereabouts of appellee's discovery responses, in direct contravention of Civ.R. 37(E). The rule requires that "before filing a motion * * * the party shall make a reasonable effort to resolve the [discovery] matter through discussion with the attorney." Discovery is intended to be self-regulating and should require judicial

7.

intervention "as a last resort." *Unklesbay v. Fenwick*, 167 Ohio App.3d 408, 2006-Ohio-2630, 855 N.E.2d 516, ¶ 11 (2d Dist.) ("A deficient showing under Civ.R. 37(E) certainly could justify the denial of a motion to compel.").

{¶ 25} For these reasons, appellant's first assignment of error is not well-taken.

{¶ 26} In her second assignment of error, appellant challenges the trial court's decision to grant appellee's motion for summary judgment and to deny her cross-motion for summary judgment.

{¶ 27} We review summary judgment rulings de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.,* 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where: (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). The party moving for summary judgment bears the initial burden of identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). The burden then shifts to the nonmoving party to submit or point to some evidentiary material showing that there is a

8.

genuine issue for trial. *Henkle v. Henkle,* 75 Ohio App.3d 732, 735, 600 N.E.2d 791 (12th Dist.1991).

{¶ 28} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *PNC Bank v. Bhandari,* 6th Dist. Lucas No. L-12-1335, 2013-Ohio-2477, ¶ 10, citing *U.S. Bank, N.A. v. Coffey,* 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 26.

{¶ 29} In support of its motion for summary judgment, appellee produced the affidavit of a litigation specialist from Cenlar FSB. Cenlar acted as appellee's loan servicing agent. Through the affiant, appellee presented evidence and authenticated documents as to all five prima facie elements. Attached to the affidavit were authenticated copies of the promissory note, endorsed in blank, the mortgage and assignments thereof, and the notice of default.

{¶ 30} The affiant established that she had personal knowledge of appellant's loan records; that she had personal knowledge of the manner in which appellee kept and maintained its business records, specifically that the records were created in the course of its regularly conducted business activities at or near the time of appellant's default; and that appellee was in possession of the note.

9.

**{¶ 31}** Thus, appellee produced evidentiary quality materials in support of its foreclosure case. This shifted the burden to appellant to demonstrate that there exists a genuine issue for trial. In its brief, appellant put forth one argument, that the notice of default sent to her was insufficient.

**{¶ 32}** Section 6(c) of the promissory note provides, "If I am in default, the *Note Holder* may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the *Note Holder* may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount." (Emphasis added.)

**{¶ 33}** Here, Cenlar sent appellant the notice of default which indicated that failure to cure the default could result in acceleration of the loan, foreclosure, and sale of the mortgaged property.

**{¶ 34}** Appellant challenges the legal sufficiency of the notice, complaining, "In this case whoever CENLAR is, it is not [appellee] and therefore the * * * 'Note Holder' did not give Joyce Amborski a Notice of Default, a condition precedent to acceleration of the note and foreclosure."

**{¶ 35}** Thus, appellant does not claim that she did not receive the notice of default; instead, she challenges who sent it. Appellant cites no authority to support her position that appellee's use of a loan servicer to provide a notice of default renders the notice legally deficient and/or that it fails to satisfy the condition precedent.

10.

**{¶ 36}** Our review of the notice of default confirms that it did not identify its (Cenlar's) relationship to Lakeview Loan Servicing or indeed make any mention of Lakeview Loan Servicing. On the other hand, the notice did include appellant's loan number, correct address of the mortgaged property, and was sent to appellant at two different addresses. Further, there is nothing in Section 6(c) of the note that prohibits notice by a third party. Therefore, when taken as a whole, and because appellant has shown no authority to the contrary, we conclude notice as a condition precedent to foreclosure was met in this case.

**{¶ 37}** In sum, we find that appellee established the prima facie elements of its foreclosure case, and that appellant did not set forth any specific facts demonstrating a genuine issue of material fact. The trial court's grant of summary judgment to appellee was proper and its denial of same as to appellant was also proper. Appellant's second assignment of error is without merit.

**{¶ 38}** Having found appellant's assignments of error not well-taken, we hereby affirm the judgment of Lucas County Court of Common Pleas. Costs are assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

Lakeview Loan Servicing,
LLC v. Amborski
C.A. No. L-14-1242

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____
JUDGE

James D. Jensen, P.J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.