DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the July 1, 2005 judgment of the Erie County Court of Common Pleas, which granted summary judgment to appellee, Lawyers Title Insurance Corp. Because we agree with the trial court that summary judgment was appropriate in this case, we affirm the decision of the lower court. Appellants, Edwin Coles, Lisa Coles, and Buffalo Prairie, Ltd., assert the following assignments of error on appeal:
 {¶ 2} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE WHERE DISCOVERY HAD NOT YET BEEN COMPLETED AND APPELLANTS BROUGHT THIS TO THE ATTENTION OF THE TRIAL COURT.
 {¶ 3} "II. THE TRIAL COURT ERRED IN DENYING APPELLANTS' TIMELY FILED MOTION FOR RELIEF FROM JUDGMENT WHERE APPELLANTS SHOWED MERITORIOUS CLAIMS AND JUSTIFICATIONS FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B)(5)."
 {¶ 4} On August 18, 2004, appellants brought an action for money only against appellee, Lawyers Title Ins. Corp. Appellants own real estate for which appellee insured the title up to the amount of $1,200,000. In a separate action, an Ohio court determined that appellants did not have access to their property by way of Fiske Road. Therefore, appellants alleged a breach of the title insurance contract by appellee. Appellants further alleged that appellee intentionally failed to compensate appellants for this loss. Appellee filed its answer on October 5, 2004, and served its First Set of Consolidated Discovery Requests upon appellants. Appellants failed to timely respond to the requests.
 {¶ 5} On December 5, 2004, appellee moved for summary judgment arguing that it was entitled to judgment as a matter of law because appellants have access to their property and that the title insurance contract did not ensure a specific access. Appellee relied upon the "admitted" requests for admissions to which appellants failed to respond. Appellants objected to the summary judgment arguing that the motion was premature since the parties had not yet completed discovery in this case.
 {¶ 6} On July 1, 2005, the trial court rendered summary judgment in appellee's favor. Appellants moved for reconsideration or for withdrawal or amendment of the admissions to interrogatories. The trial court denied the motion on August 8, 2005, on the ground that the civil rules do not recognize motions for reconsideration in the trial court and that the motion fails to meet the standards of Civ.R. 60(B) or merit reconsideration of the trial court's decision. Appellants then sought an appeal to this court.
 {¶ 7} In their first assignment of error, appellants argue that the trial court erred by granting appellee summary judgment when discovery had not yet been completed and appellants were unable to adequately respond to the motion for summary judgment.
 {¶ 8} Appellants alleged a breach of the title insurance contract that insured the title to several contiguous parcels of land. That contract provided that appellee insured appellants against:
"1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
 {¶ 9} "2. Any defect in or lien or encumbrance on the title;
 {¶ 10} "3. Unmarketability of the title;
 {¶ 11} "4. Lack of a right of access to and from the land."
 {¶ 12} In a separate legal action, the court held that there is no access to Fisk Road from appellants' parcels. Appellants contend, therefore, that they have lost "a" right of access to and from the insured properties.
 {¶ 13} In appellee's requests for admissions, appellants were asked to "[a]dmit that the parcels at issue and described in paragraph 1 of the Complaint are contiguous and abut one another or otherwise provide a right of access to public roads other than Fisk Road." Because appellants did not timely respond to the requests for admissions, this admission is deemed admitted. At the time of the motion, appellants were nearly 30 days late in responding to the requests.
 {¶ 14} Appellee argued in its motion for summary judgment that the title insurance contract only ensured a right of access, not a specific right of access from Fisk Road. Based upon the above-quoted admission, appellants have a right of access to another public road. Appellee relied upon out-of-state case law to support its argument that a right of access is all that is necessary to fulfill their contractual obligation, even if that access is not ideal.
 {¶ 15} The day after appellee filed for summary judgment, appellants sought leave to respond to appellee's request for admissions. Appellants also opposed the motion for summary judgment arguing only that summary judgment was premature since no discovery had taken place yet in this case. Appellants finally responded to appellee's requests for admission on January 18, 2005.
 {¶ 16} The appellate court reviews a ruling on a summary judgment de novo. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35. Certainly there are cases in which summary judgment is inappropriate because sufficient discovery has not yet been completed and there are insufficient facts before the court upon which to base summary judgment. Sliger v. StarkCounty Visiting Nurses Service Hospice, 5th Dist. App. No. 2005CA00207, 2006-Ohio-852, and Waterfield Financial Corp. v.Gilmer, 10th Dist. App. No. 04AP-252, 2005-Ohio-1004, at ¶ 44.
 {¶ 17} In this case, however, there is nothing in the record to suggest that there were problems relating to discovery. There were no alleged difficulties with the discovery process. In fact, the information appellant sought to discover was solely within their control. Appellants made the allegations regarding access and could anticipate that the lack of an access would be a key issue in the case.
 {¶ 18} Appellants filed suit on August 18, 2004. Appellee filed its answer and first set of discovery requests upon appellants on October 5, 2004. An answer to the discovery requests was due on November 4, 2004. Appellants offer no explanation as to why they were unable to meet this deadline.
 {¶ 19} As we recently discussed in RKT Properties, L.L.C. v.Northwood, 162 Ohio App.3d 590, 593, unanswered requests for admission can be used to conclusively establish a fact for the purpose of the lawsuit. See, Civ.R. 36(A) (B) and ClevelandTrust Co. v. Willis (1985), 20 Ohio St.3d 66. Therefore, a party may base its motion for summary judgment on facts that are deemed admitted. Civ.R. 56(C); Klesch v. Reid (1994),95 Ohio App.3d 664, 674; and Albrecht, Inc. v. Hambones Corp., 9th Dist. App. No. 20993, 2002-Ohio-5939 at ¶ 27. However, the trial court has the discretion to allow withdrawal or amendment of the admission. Civ.R. 36(B).
 {¶ 20} In this case, appellants requested leave to file an untimely response to the request for admissions. However, the court never ruled upon that motion. Appellants failed to assign as error the trial court's failure to rule on their motion for leave to file an untimely response to the request for admissions.
 {¶ 21} Therefore, we conclude that summary judgment was not premature in this case. All of the relevant facts needed to decide the case were before the court. No justification existed for permitting further discovery. Appellant's first assignment of error is not well-taken.
 {¶ 22} In their second assignment of error, appellants argue that the trial court erred by denying their Civ.R. 60(B)(5) motion. Appellants filed this motion after they sought an appeal from the trial court's July 1, 2005 judgment granting summary judgment to appellee. The appeal was remanded to the trial court so that the trial court could rule on the motion. After the trial court entered its judgment on November 4, 2005, this court resumed the appellate proceedings. Appellants, however, never sought an appeal from the trial court's ruling on the Civ.R. 60(B)(5) motion. Because appellants never filed an appeal from the November 4, 2005 judgment, we are unable to review appellant's second assignment of error.
 {¶ 23} Having found that the trial court did not commit error prejudicial to appellants and that substantial justice has been done, the judgment of the Erie County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Singer, P.J., Skow, J., concur.