DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a ruling by the Toledo Municipal Court granting summary judgment in favor of appellee, Carmel Financial Corp., and against appellant, Luis T. Leal. For the reasons that follow, we affirm the trial court's ruling.
 {¶ 2} On July 9, 2004, Carmel Financial filed its complaint in the instant collection action. The debt upon which Carmel Financial was attempting to collect originated from a contract between Leal and HomeCable Concepts, a company that sold cable television systems.
 {¶ 3} On August 13, 2004, appellant filed a "motion to proceed pro se and in pauperis, to answer complaint, to demand jury, and to dismiss complaint." Hearing on the motions was originally set for September 17, 2004. The matter was subsequently reset for hearing on November 19, 2004.
 {¶ 4} On November 18, 2004, appellee's counsel filed a motion requesting a continuance of the November 19, 2004 hearing on the grounds that he had a conflict in his calendar — specifically, a court date in Franklin County Court of Common Pleas — and would be unable to attend in person. On November 19, the trial court denied the motion for continuance and ordered that the case be dismissed without prejudice. This order was journalized on December 2, 2004. On December 9, 2004, the trial court sua sponte vacated its November 19, 2004 entry, and ordered that the hearing be re-set. This order was journalized on December 15, 2004.
 {¶ 5} The hearing date was ultimately scheduled for April 15, 2005. Although both parties failed to appear, the trial court granted appellant's motions to answer complaint and to demand jury.
 {¶ 6} On October 21, 2005, appellee filed a motion to have requests for admissions that had been served upon appellant deemed admitted, and an accompanying motion for summary judgment. Both motions were filed as the result of appellant's failure to respond to the various discovery requests previously served by appellee.
 {¶ 7} On December 16, 2005, the trial court granted the motion to have the requests for admissions deemed admitted, and granted appellant leave until January 6, 2006 to respond to appellee's motion for summary judgment. Appellant failed to respond, and on January 30, 2006, the trial court granted appellee's motion for summary judgment. The order granting summary judgment provided as follows:
 {¶ 8} "As to LUIS T. LEAL, AS DEFENDANT DID NOT RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S REQUEST FOR ADMISIONS ARE DEEMED ADMITTED PER ENTRY OF 12-16-05. SUMMARY JUDGMENT IS GRANTED IN FAVOR OF PLAINTIFF IN THE AMOUNT OF $2802.92 PLUS COSTS AND INTEREST AT THE STATUTORY RATE FROM DEC. 20, 1999."
 {¶ 9} Appellant, acting pro se, timely appealed the order. In his brief, he raises the following as his "statement of assignment of error":
 {¶ 10} "THE ASSIGNMENT OF ERRORS PRESENTED FOR REVIEW IN THE INSTANT CASE, POINTS TO THE LOWER COURT'S DENIAL OF JURY, DENIAL OF FREE SPEECH, DENIAL OF DUE PROCESS, DENIAL OF EQUAL PROTECTION, VIOLATION OF SUA SPONTE RULING RULES, VIOLATION OF FORMA PAUPERIS RULES, AND THE INHERENT BIAS THEREIN."
 {¶ 11} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Civ.R. 56(C) provides:
 {¶ 12} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule. * * *"
 {¶ 13} Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party. Ryberg v. Allstate Ins. Co.
(July 12, 2001), 10th Dist. No. 00AP-1243, citing Tokles Son,Inc. v. Midwestern Indemnity Co. (1992), 65 Ohio St.3d 621, 629.
 {¶ 14} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Once this burden has been satisfied, the non-moving party has the burden, as set forth at Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
 {¶ 15} In the instant case, it is undisputed that appellant did not timely respond to appellee's discovery requests, including its requests for admissions. The trial court, in deeming the requests for admissions admitted due to appellant's failure to timely respond, simply applied the clear language of Civ.R. 36, which relevantly provides:
 {¶ 16} "The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."
 {¶ 17} As we recently discussed in Coles v. Lawyers TitleIns. Corp., 6th Dist. No. E-05-063, 2006-Ohio-4802, unanswered requests for admission can be used to conclusively establish a fact for the purpose of a lawsuit. Id., at ¶ 19; see, also, Civ.R. 36(A) and (B); Cleveland Trust Co. v. Willis (1985),20 Ohio St.3d 66. Thus, a party may base its motion for summary judgment on facts that are deemed admitted. Id. See, also, Civ.R. 56(C); Klesch v. Reid (1994), 95 Ohio App.3d 664, 674;Albrecht, Inc. v. Hambones Corp., 9th Dist. App. No. 20993, 2002-Ohio-5939, at ¶ 27.
 {¶ 18} Among the matters deemed admitted in this case are the following:
 {¶ 19} REQUEST FOR ADMISSION NO. 1:
 {¶ 20} Admit that the Defendant ordered and received goods from HomeCable Concepts.
 {¶ 21} REQUEST FOR ADMISSION NO. 2:
 {¶ 22} Admit that the defendant has not paid HomeCable Concepts in full for the goods ordered and received.
 {¶ 23} REQUEST FOR ADMISSION NO. 3:
 {¶ 24} Admit that the Defendant has an outstanding debt with the Plaintiff for the goods received.
 {¶ 25} REQUEST FOR ADMISSION NO. 4:
 {¶ 26} Admit that the Defendant personally signed the documents attached as Exhibit "A" to the Plaintiff's Amended Complaint.
 {¶ 27} REQUEST FOR ADMISSION NO. 5:
 {¶ 28} Admit that the Defendant benefited from the goods provided by HomeCable Concepts.
 {¶ 29} REQUEST FOR ADMISSION NO. 6:
 {¶ 30} Admit that the Defendant did not object to the goods that were provided until this lawsuit was initiated.
 {¶ 31} REQUEST FOR ADMISSION NO. 7:
 {¶ 32} Admit that the Defendant owes the Plaintiff $2,802.92 plus costs and interest at the rate of 18% from December 20, 1999, as evidenced by the Plaintiff's Complaint.
 {¶ 33} As a result of these admissions — and as a result of appellant's failure to respond to appellee's motion for summary judgment — appellant has effectively admitted to owing appellee the amount prayed for in its complaint. Thus, the trial court properly granted summary judgment in favor of appellee.
 {¶ 34} In addition to disputing the granting of summary judgment in this case, appellant makes reference in his brief to an apparent procedural irregularity that occurred early on in this case: that is, just days after the trial court had issued its November 19, 2004, order dismissing the case without prejudice, it sua sponte vacated the order.
 {¶ 35} Review of the record reveals that the order dismissing the case was issued in response to appellee's eleventh-hour request for a continuance. Thus, it appears that the order was made pursuant to Civ.R. 41(B)(1), which deals with involuntary dismissal by the court for failure to prosecute. The question we must answer is whether the trial court, after dismissing the case pursuant to Civ.R. 41(B)(1), retained the jurisdiction to vacate that order several days later.
 {¶ 36} Under Ohio law, a trial court retains jurisdiction to vacate an improper dismissal entry upon discovering reversible error in its judgment dismissing the case. State of Ohio v. ErieCty. Court of Common Pleas (June 2, 1997), 6th Dist. No. E-96-087, interpreting Logsdon v. Nichols (1995),72 Ohio St.3d 124, 127. Applying this law to the facts of this case, the question now becomes whether the trial court's November 19, 2004 dismissal constituted reversible error.
 {¶ 37} Review of a dismissal for failure to prosecute involves two assessments: "First, an appellate court must determine if the trial court provided the plaintiff with sufficient notice prior to dismissal. Second, an appellate court must determine whether the dismissal constituted an abuse of discretion." Asres v. Dalton, 10th Dist. No. 05AP-632,2006-Ohio-507, at ¶ 14.
 {¶ 38} "Generally, notice is a prerequisite to dismissal for failure to prosecute under Civ.R. 41(B)(1)." Logsdon, supra, at 128. The purpose of notice is to provide the party who is in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice. Id. Failure to give notice under the rule constitutes reversible error. State of Ohio v. Erie County Court of CommonPleas, supra. In the instant case, the record reveals that appellee received no notice that the case would be dismissed for failure to prosecute. Because appellee did not receive notice sufficient to fulfill the requirements of Civ.R. 41(B), the trial court's order dismissing the case was, in fact, reversible. Thus, the court acted appropriately in vacating the November 19, 2004 dismissal. See State of Ohio v. Erie Cty. Court of CommonPleas, supra.
 {¶ 39} For all of the foregoing reasons, appellant's assignment of error is found not well-taken, and the judgment of the Toledo Municipal Court is affirmed. Appellant, Luis T. Leal, is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Skow, J. concur.