[Cite as *MSW Capital, L.L.C. v. Bryant*, 2017-Ohio-5683.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

MSW Capital, LLC
Court of Appeals No. L-16-1200

Appellee
Trial Court No. CVF-16-01755

v.

Ian Bryant
**<u>DECISION AND JUDGMENT</u>**

Appellant
Decided: June 30, 2017

* * * * *

C. Edward Noe, for appellee.

Ian Bryant, pro se.

* * * * *

**JENSEN, P.J.**

**{¶ 1}** Defendant-appellant, Ian D. Bryant, appeals from a summary judgment rendered against him and in favor of MSW Capital, L.L.C. ("MSW"). Bryant, who is pro se, argues that the trial court erred when it rendered summary judgment against him. For the reasons that follow, we affirm.

**{¶ 2}** MSW brought this action against Bryant, contending that it was the assignee of the interest of Credit One Bank NA (Credit One) in a credit card account in Bryant's name upon which there was due and payable the sum of $1,459.84, plus interest from September 18, 2013, at the rate of 23.9 percent per annum. Bryant, pro se, filed an answer denying the allegations set forth in the complaint.

**{¶ 3}** MSW served a request for admissions on Bryant by regular U.S. Mail. Bryant did not respond to the admissions within the required 28 days. Relying, in part, on the unanswered admissions, MSW moved for summary judgment. Bryant responded to the motion for summary judgment denying, generally, the facts set forth in the motion for summary judgment, including matters which were deemed admitted, without mentioning any issue with the service of the request for admissions. Bryant did not explain to the trial court why he failed to respond to the request for admissions, nor did he seek to have the admissions withdrawn or amended. The trial court granted summary judgment in favor of MSW.

**{¶ 4}** Appellant, acting pro se, timely appealed the judgment entry. In his brief, he raised the following assignment of error:

> THE TRIAL COURT ABUSED IT'S DESCRETION TO THE PREJUDICE OF THE DEFENDANT BY RULING IN FAVOR OF THE PLAINTIFF REGARDING SUMMARY JUDGMENT IN HIS FAVOR IN VIOLATION OF THE DEFENDANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS AND IN VIOLATION OF THE [OHIO REVISED CODE].

2.

{¶ 5} Bryant asserts that the trial court committed reversible error when it granted MSW's motion for summary judgment. The crux of Bryant's argument is that the trial court's docket sheet fails to show that Bryant was served with a copy of MSW's request for admission and that he never received a copy of the admissions by either certified or express mail.

{¶ 6} Civ.R. 36 (A) provides, in relevant part:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request, that relate to statement or opinions of fact or of the application of law to fact, including the genuineness of any document described in the request. * * * The request may, without leave of court, be served upon * * * any * * * party with or after service of the summons and complaint upon that party.

{¶ 7} Service of a Civ.R. 36(a) request for admission is governed by Civ.R. 5. Pursuant to Civ.R. 5(B), "service is complete upon mailing." A presumption of proper service arises when the record reflects that a party has followed the Civil Rules pertaining to service of process. *Potter v. Troy*, 78 Ohio App.3d 372, 377, 604 N.E.2d 828 (2d Dist.1992). "The presumption may be rebutted by sufficient evidence to the contrary." *Id.*

{¶ 8} Here, a certificate of service attached to MSW's request for admissions states that the counsel served a copy of the request on April 25, 2016. Bryant has not

3.

rebutted the presumption of proper service with evidence to the contrary. There is no evidence by affidavit or sworn testimony in the record indicating that a copy of the request for admissions was not received or that the address used by counsel to serve Bryant was incorrect. Thus, the trial court did not error in deeming the matters contained within the request admitted.

{¶ 9} In its motion for summary judgment, MSW claimed that Bryant opened a credit card account with Credit One Bank. The account became delinquent and MSW purchased the account from Credit One Bank. MSW further claimed that it purchased the credit card account from Credit One Bank pursuant to an assignment of accounts and bill of sale attached to the complaint. Attached to the motion for summary judgment was the affidavit of Henry Benton, account manager for MSW Capital, LLC, attached. Benton, as custodian of appellee's books and records, averred, in relevant part, that at the time MSW purchased the subject account from Credit One Bank NA, Bryant was indebted to Credit One for unpaid credit card account charges. MSW further alleged that because Bryant failed to respond to its request for admissions, the matters contained therein should be deemed admitted. A copy of the request for admissions was attached to the motion for summary judgment.

{¶ 10} Any matter deemed admitted under Civ.R. 36 is conclusively established unless the court allows withdrawal or amendment. An admission can be used to establish a fact essential to the case because the purpose of a request for admission is to eliminate any issue not in dispute, if possible. *Cleveland Trust Company v. Willis*, 20 Ohio St.3d

4.

66, 485 N.E.2d 1052 (1985).   We have reviewed the admissions and evidence set forth in the motion for summary judgment.  We find that the trial court did not error in granting summary judgment in favor of MWS. Accordingly, Bryant's sole assignment of error is overruled.

{¶ 11} For the foregoing reasons, the judgment of the Toledo Municipal Court is affirmed.  Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                                   _____
JUDGE

Arlene Singer, J.                         

_____
James D. Jensen, P.J.                                 JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.