[Cite as *Spencer v. Stowell*, 2017-Ohio-7353.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Cara Spencer

       Appellee

v.

Matthew Stowell, et al.

       Appellant

Court of Appeals No. WD-16-044

Trial Court No. 2014 CV 0633

**DECISION AND JUDGMENT**

Decided: August 25, 2017

* * * * *

Gregory L. Arnold, for appellee.

Ann M. Baronas, for appellant.

* * * * *

**JENSEN, J.**

{¶ 1} Appellant, Matthew Stowell, appeals the May 25, 2016 judgment of the Wood County Court of Common Pleas granting summary judgment to appellee, Cara Spencer. For the following reasons, we affirm.

## I. Background

{¶ 2} This case arose from a dispute over a construction contract between Ms. Spencer and Maumee River Remodeling ("Maumee River"). On July 31, 2014, Ms. Spencer signed a contract for the construction of an addition to her home. The contract indicates that the contracting parties are Ms. Spencer and Maumee River. Though the name Maumee River Remodeling appears on the contract, the contract does not indicate what type of entity Maumee River is. The contract contains Ms. Spencer's signature and an illegible signature above the line labeled "Sales Representative." Ms. Spencer indicated in her affidavit in support of her motion for summary judgment that Mr. Stowell signed the contract. The contract contains an area for approval of the contract by an officer of Maumee River; it is unsigned.

{¶ 3} In her affidavit, Ms. Spencer averred that she signed the contract with Maumee River on July 31, 2014, and tendered a check for $17,000 made out to "Maumee River Remodeling" as a down payment. She claimed that she was told that the project would take approximately eight weeks from the contract date to complete. Mr. Stowell and Maumee River began work on September 9, 2014. Though they did some excavating, they did not complete any other work on the project. Ms. Spencer said she tried to call Mr. Stowell and Maumee River several times, but no one returned her calls. She discovered on October 29, 2014, that neither Mr. Stowell nor Maumee River had obtained the building permits required for the project. According to Ms. Spencer, Mr. Stowell came to her home on October 31, 2014, to tell her she "should contact a stranger

2.

to perform the job * * *." He also refused her request to refund her $17,000 down payment. Ms. Spencer eventually hired another contractor to complete the job at an additional expense of approximately $35,000.

{¶ 4} Ms. Spencer filed suit on December 17, 2014, against Matthew Stowell; Matthew Stowell, dba Maumee River Remodeling; Matthew Stowell, dba Maumee River Remodeling, LLC; and Maumee River Remodeling, LLC for breach of contract, constructive trust, unjust enrichment, conversion, accounting, punitive damages and attorney fees. Ms. Spencer eventually dismissed all claims except the two breach of contract claims.

{¶ 5} Neither Mr. Stowell nor Maumee River initially responded to Ms. Spencer's complaint. After Ms. Spencer filed a motion for default judgment, Mr. Stowell sent a letter to the trial court on August 14, 2015, that essentially contested his liability. The court treated the correspondence as an answer for all of the defendants. In its entry adopting the letter as an answer, the court required Mr. Stowell to file either a notice of appearance by an attorney or a notice that he was proceeding pro se within 14 days. Mr. Stowell opted to proceed pro se.

{¶ 6} On February 9, 2016, after an unsuccessful mediation attempt, Ms. Spencer served Mr. Stowell with interrogatories, requests for production, and requests for admission. Ms. Spencer requested responses within 28 days, but Mr. Stowell did not respond. On March 23, 2016, Ms. Spencer filed a motion for summary judgment against Mr. Stowell individually based on her affidavit and Mr. Stowell's failure to respond to

3.

the requests for admission. She argued that under Civ.R. 36 Mr. Stowell's silence conclusively established that: (1) Mr. Stowell failed to obtain a building permit for Ms. Spencer's project; (2) Mr. Stowell failed to submit building plans for Ms. Spencer's project to the Wood County Building Inspection Office; and (3) Ms. Spencer suffered damages in the amount of $52,365 as a result of Mr. Stowell's breach of contract. On April 4, 2016, Ms. Spencer also filed a motion for default judgment against Maumee River.

{¶ 7} Mr. Stowell responded to the motion for summary judgment on April 19, 2016, by sending another letter to the court. In it he claimed that Ms. Spencer's contract was with Maumee River, a limited liability company—not with Mr. Stowell personally— and outlined the evidence he intended to provide to Ms. Spencer by the court's discovery deadline. He asked the court to deny Ms. Spencer's motions for summary judgment and default judgment. Mr. Stowell did not include any documents, affidavits, or other evidentiary material with his response.

{¶ 8} The trial court issued its decision on May 25, 2016. It found, as to Ms. Spencer's breach of contract claims only, that Ms. Spencer's affidavit and the facts in the unanswered requests for admission entitled Ms. Spencer to summary judgment against Mr. Stowell personally. The court also clarified that Mr. Stowell's August 14 correspondence constituted his personal answer to Ms. Spencer's complaint and found that Maumee River was in default. The court awarded Ms. Spencer a judgment of $52,365 plus statutory interest against Maumee River and Mr. Stowell jointly and

4.

severally. Ms. Spencer dismissed all remaining counts in her complaint after the trial court issued its decision.

{¶ 9} Mr. Stowell appeals the trial court's decision, setting forth two assignments of error:

> APPELLANTS'S [sic] ASSIGNMENT OF ERROR NUMBER ONE: THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST MATTHEW STOWELL, PERSONALLY, WHEN CONTRACT FOR SERVICES WAS WITH MAUMEE RIVER REMODEDLING, [sic] L.L.C., NOT MATTEW [sic] STOWELL, PERSONALLY[.]

> APPELLANT'S ASSIGNMENT OF ERROR NUMBER TWO: THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED.

## II. Law and Analysis

{¶ 10} An appellate court reviews summary judgment de novo, employing the same standard as the trial court. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Lorain Natl. Bank v. Saratoga Apts.,* 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). The court can grant a motion for summary judgment only when the moving party demonstrates:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and that (3) that reasonable

5.

minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶ 11} The party seeking summary judgment must specifically delineate the basis upon which the motion is brought and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). The opposing party must do so using "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * *." Civ.R. 56(C). A "material" fact is one that would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 827, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

6.

{¶ 12} In his first assignment of error, Mr. Stowell argues that the disputed contract was between Ms. Spencer and Maumee River Remodeling, LLC and that the trial court erred by holding him personally liable for the LLC's obligation. Ms. Spencer counters that there is no evidence in the record that she entered into a contract with Maumee River Remodeling, LLC.

{¶ 13} The evidence Ms. Spencer submitted in support of her motion for summary judgment shows that she signed a contract with "Maumee River Remodeling" as the contractor and that she wrote a check for $17,000 to "Maumee River Remodeling." The contract does not indicate what type of business entity Maumee River is. Though Mr. Stowell stated in his response to the motion for summary judgment that Maumee River is a limited liability company, he did not include an affidavit or any evidence to support that contention, nor is there any other indication in the record that Maumee River operates as a limited liability company. Thus, we find that the trial court did not err by impliedly finding that Maumee River is a sole proprietorship and granting a personal judgment against Mr. Stowell. We therefore find that Mr. Stowell's first assignment of error is not well-taken.

{¶ 14} In his second assignment of error, Mr. Stowell asserts that his August 14, 2015 letter to the trial court demonstrates that genuine issues of material fact remain and summary judgment is not appropriate. Ms. Spencer argues that the unanswered requests for admission conclusively establish Mr. Stowell's liability and that Mr. Stowell failed to provide any evidence to refute Ms. Spencer's motion.

7.

**{¶ 15}** The bulk of Mr. Stowell's argument under this assignment of error relates to his status as a pro se litigant. He asserts that opposing counsel should have pursued different discovery tactics and that the court should have considered the evidentiary materials listed in his response to the motion for summary judgment but not provided to the court. As a pro se litigant, Mr. Stowell is bound by the same rules and procedures as parties who are represented by counsel. *Kenwood Gardens Assn., LLC v. Shorter*, 6th Dist. Lucas No. L-10-1315, 2011-Ohio-4135, ¶ 8. Though the court may afford a pro se litigant some leeway by generously construing his filings, it is "not required to craft well-articulated claims from poorly drafted arguments." *HSBC Bank United States NA v. Beins*, 6th Dist. Lucas No. L-13-1067, 2014-Ohio-56, ¶ 6, citing *Kenwood Gardens* at ¶ 8. In short, Mr. Stowell does not have any greater rights than a represented party and must bear the consequences of his mistakes. *Id.* at ¶ 7.

**{¶ 16}** Mr. Stowell's pro se status does not excuse his failure to submit evidence to rebut the facts in Ms. Spencer's motion for summary judgment. Once the moving party identifies portions of the record that demonstrate the absence of a genuine issue of material fact, the nonmoving party cannot rest on the allegations or denials in the pleadings, but must respond with some specific fact in the record or evidentiary material showing that an issue remains for trial. Civ.R. 56(E); *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264; *Riley*, 11 Ohio St.3d at 79, 463 N.E.2d 1246; *Lakeview Loan Servicing, LLC v. Amborski*, 6th Dist. Lucas No. L-14-1242, 2016-Ohio-2978, ¶ 27. These facts must be in the form of "depositions, answers to interrogatories, written admissions, affidavits,

8.

transcripts of evidence, and written stipulations of fact * * *." Civ.R. 56(C). Mr. Stowell's response did not include any *evidence* supporting his claims that, among other things, Ms. Spencer breached the contract first, a waiver of liability exists, and Ms. Spencer was responsible for obtaining building permits. Without providing evidence of the type in Civ.R. 56(C), Mr. Stowell cannot meet his burden of showing that a genuine issue of material fact remains for trial. We find that the trial court did not err by rejecting Mr. Stowell's unsupported arguments opposing summary judgment.

{¶ 17} Furthermore, Mr. Stowell does not dispute that he failed to answer Ms. Spencer's requests for admissions. But he argues that his default admissions of failing to obtain building permits and failing to submit building plans do not support the trial court's granting of summary judgment.

{¶ 18} Under Civ.R. 36(A), a party may serve another party with a written request to admit the truth of any matter within the scope of Civ.R. 26(B). The information is deemed admitted if the party to whom the request is directed fails to answer the request within the time designated by rule. Civ.R. 36(A)(1); *LVNV Funding, LLC v. Takats*, 6th Dist. Lucas No. L-14-1129, 2015-Ohio-3082, ¶ 12. Any matter deemed admitted under Civ.R. 36 is conclusively established unless the court allows the admission to be withdrawn or amended. *MSW Capital, LLC v. Bryant*, 6th Dist. Lucas No. L-16-1200, 2017-Ohio-5683, ¶ 10. An admission can be used to establish a fact essential to the case and is also a proper basis for a motion for summary judgment. *Takats* at ¶ 14, citing *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 485 N.E.2d 1052 (1985); *Carmel Fin.*

9.

*Corp. v. Leal*, 6th Dist. Lucas No. L-06-1049, 2006-Ohio-5618, ¶ 17. Additionally, Civ.R. 36 is self-executing; that is, if a party fails to answer a request for admission, the matter is conclusively established without further action by the requesting party. *Samaan v. Walker*, 10th Dist. Franklin No. 07AP-767, 2008-Ohio-5370, ¶ 8.

{¶ 19} Mr. Stowell correctly argues that admitting that he failed to obtain building permits and failed to submit building plans—without more—does not support summary judgment in Ms. Spencer's favor. His argument ignores the third request for admission, however, in which Mr. Stowell admitted that "Cara Spencer suffered damages in the amount of $52,365.00 as a result of your [Mr. Stowell's] breach of contract * * *[.]" To sustain a breach of contract claim, the plaintiff must prove the existence of a contract, performance by the plaintiff, breach by the defendant, and damages to the plaintiff. *Lee's Granite, LLC v. Lavelle*, 6th Dist. Erie No. E-08-039, 2009-Ohio-1532, ¶ 14. Ms. Spencer's unrebutted affidavit and the construction contract prove the first two elements of a breach of contract claim. Mr. Stowell's default admissions that he breached the contract and caused $52,365 in damages to Ms. Spencer prove the third and fourth elements of the claim. We find that this evidence shows that no genuine issues of material fact remain and that Ms. Spencer is entitled to judgment as a matter of law. As such, Mr. Stowell's second assignment of error is not well-taken.

10.

### III.  Conclusion

{¶ 20} The May 25, 2016 judgment of the Wood County Court of Common Pleas is affirmed.  Mr. Stowell is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE