[Cite as *Riesterer v. Porter*, 2022-Ohio-1698.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Roberta Jean Riesterer                          Court of Appeals No.  E-21-005

        Appellee                                Trial Court No.  2018-CV-0257

v.

Michael E. Porter, et al.                       **<u>DECISION AND JUDGMENT</u>**

        Appellants                              Decided:  May 20, 2022

* * * * *

Linda R. Van Tine and Mark A. Stuckey, for appellee.

William H. Smith, Jr., for appellants.

* * * * *

**MAYLE, J.**

{¶ 1} Appellants, Michael Porter and MPORT Home Improvement, LLC

("MPORT"), appeal the February 17, 2021 decision of the Erie County Court of

Common Pleas granting summary judgment in favor of appellee, Roberta Riesterer, and

warding her $27,755 in damages for Porter and MPORT's breach of contract.[1]  For the following reasons, we reverse.

## I. Background and Facts

{¶ 2} In October 2016, Porter and Riesterer signed a document regarding extensive remodeling work for a condominium that Riesterer owns.  The document is divided into four sections.  The first section includes the title "Proposal" followed by the name "MPORT Home Improvement LLC" and the company's contact information.  The rest of this section contains Riesterer's name, some information about her property, and the date.  The second section of the document begins, "We hereby submit specifications and estimates for[,]" followed by a handwritten list of remodeling tasks for the condominium.  The third section starts, "We propose hereby to furnish material and labor * * * for the sum of:" followed by a blank line on which "$18,400 1/2 Down @ signing — progress pymt — BAL @ completion [sic]" is written.  At the bottom of the third section is "Respectfully / submitted" followed by a blank line on which Porter signed only his name; he did not include the words "by" or "for," his position with MPORT, his business title, or any other professional designation.  The final section of the document includes the heading "Acceptance of Proposal" and was signed by Riesterer.  There are

---

[1] Porter and MPORT are not challenging that portion of the trial court's summary-judgment decision finding that MPORT is liable for breach of contract, and we are not addressing that portion of the decision on appeal.

2.

also handwritten notations at the bottom of the page showing that Riesterer paid a total of $12,000 toward the agreed-upon price.

{¶ 3} MPORT did not complete the remodeling work on Riesterer's condominium. In May 2018, Riesterer filed a complaint against "Michael E. Porter, Individually and, doing business as MPORT Home Improvement LLC," alleging breach of contract due to the incomplete renovations.[2]

{¶ 4} During discovery, Riesterer's attorney sent requests for admission to Porter and MPORT's attorney, but Porter and MPORT did not respond. Consequently, the requests for admission were deemed admitted. As relevant here, the requests for admission included the facts that (1) Porter and MPORT's failure to complete the performance required of them under the proposal was a breach of contract, (2) Porter, individually, performed most of the work at Riesterer's condominium, and (3) regarding 15 specific portions of the remodel, Porter and MPORT failed to perform, performed in an unworkmanlike manner, or both.

{¶ 5} In February 2020, Riesterer filed a motion for summary judgment. The entirety of her argument was that the requests for admission that were deemed admitted proved that Porter, individually, and MPORT breached the contract and were liable to her for damages. In support of her motion, she included an affidavit from Anthony Schaefer,

---

[2] The complaint also included Porter's wife as a defendant and alleged claims of fraudulent transfer of real estate and violation of the Home Solicitation Sales Act, but those claims are not ripe for decision and are not before us in this appeal.

3.

who claimed that he had "been active in the construction and remodeling industry for over 30 years." Attached to Schaefer's affidavit was an "Inspection Checklist"—apparently created by Riesterer's attorneys—that listed each complaint that Riesterer had with MPORT's work and asked Schaefer to rate his level of agreement with Riesterer's assessment of the work on a scale of 1 to 5, with 1 meaning "Strongly Disagree" and 5 meaning "Strongly Agree." Schaefer was also able to comment on each item in the checklist. Following his inspection, Schaefer also provided Riesterer with a "preliminary proposal to fix what is wrong with the work * * *." He estimated that repairs would cost $27,755.

{¶ 6} In their response, Porter and MPORT conceded that MPORT breached the contract with Riesterer, but argued that Riesterer failed to prove that she could pierce the LLC veil to hold Porter personally liable on the contract. They also argued that the amount of damages was disputed because Riesterer's attorneys had prevented Porter and MPORT's expert from inspecting Riesterer's condominium. Although they attached a copy of the October 2016 proposal to their response, Porter and MPORT did not include any other evidence or affidavits to support their arguments in opposition to Riesterer's motion.

{¶ 7} In her reply, Riesterer argued for the first time that Porter "did not properly shield himself with the corporate veil" because he "did not otherwise designate himself (next to his signature) as a representative of MPORT." (Emphasis deleted.) She also argued for the first time that an agency relationship was created between her and Porter

4.

because it was "Michael, individually, who performed all the remodeling work. Therefore, Michael is personally liable to Riesterer for damages." (Emphasis deleted.) And Riesterer pointed out that Porter failed to present any Civ.R. 56(C) evidence that MPORT was, in fact, an LLC in good standing, so his arguments related to piercing the LLC veil were inapplicable.

{¶ 8} In its February 17, 2021 judgment entry, the trial court granted Riesterer's motion for summary judgment. The court found that (1) Riesterer and MPORT entered into a contract for home improvements at Riesterer's property, (2) Porter "signed without indicating he was signing on behalf of MPORT," (3) "MPORT Home Improvement LLC" conceded that "MPORT Home Improvement LLC" failed to complete the terms of the contract, (4) Porter and MPORT failed to respond to Riesterer's requests for admission, which were deemed admitted, and (5) Porter and MPORT conceded that "MPORT Home Improvement LLC" failed to perform under the contract.

{¶ 9} Based primarily on Porter and MPORT's concessions, the trial court determined that Riesterer was entitled to summary judgment against MPORT. The court also held, without any further analysis or citation to case law that "Michael Porter signed the October 5, 2019 [sic] proposal without any designation as a representative of MPORT. Therefore, Michael Porter did not properly shield himself within the corporate veil and entered a contract between [Riesterer] and Michael Porter, individually[,]" and Riesterer was also entitled to summary judgment against Porter.

5.

{¶ 10} Regarding Riesterer's damages under the contract, the trial court found that Riesterer provided an expert opinion that she sustained damages of $27,755, and, although Porter and MPORT claimed that their attempts to have their expert inspect Riesterer's property were blocked by Riesterer's attorneys, they did not provide any evidence that they were prevented from providing their own estimate of Riesterer's damages. The court accepted the amount proposed by Riesterer's expert as the correct amount of damages, and awarded her a judgment of $27,755 against Porter and MPORT, jointly and severally.

{¶ 11} Porter and MPORT now appeal, raising two assignments of error:

> Assignment of Error #1: The Trial Court Erred by Granting Appellee's Motion for Summary Judgment as to Appellant, Michael C. Porter's Individual Liability Under the Contract.

> Assignment of Error #2: The Trial Court Erred by Granting Appellee's Motion for Summary Judgment as to an Amount of Damages as There are Genuine Issues of Material Fact as to the Amount of Damages[.]

## II. Law and Analysis

### A. Issues of fact remain regarding Porter's personal liability.

{¶ 12} In their first assignment of error, Porter and MPORT argue that the trial court erred by holding Porter personally liable under the contract between Riesterer and MPORT, a limited liability company. Riesterer responds that Porter and MPORT did not

meet their burden under Civ.R. 56 to set forth specific facts showing that a genuine issue remained for trial.

{¶ 13} An appellate court reviews summary judgment de novo, employing the same standard as the trial court. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996); *Lorain Natl. Bank v. Saratoga Apts.,* 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). The court can grant a motion for summary judgment only when the moving party demonstrates:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

*Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶ 14} The party seeking summary judgment must specifically delineate the basis upon which the motion is brought and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact.

7.

Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). The opposing party must do so using "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * *." Civ.R. 56(C). A "material" fact is one that would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 827, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶ 15} Porter and MPORT's arguments center on piercing the LLC veil to hold Porter personally liable under a contract that Riesterer made with MPORT. We need not reach this issue, however, because we find that there are genuine issues of material fact regarding Porter's personal liability. Specifically, construing the facts most strongly in Porter's favor, it is unclear from the record whether Riesterer met her initial burden of proving that MPORT was a sole proprietorship—as she seems to imply in her complaint and motion for summary judgment—rather than a limited liability company—as Porter and MPORT claim in their answer.

{¶ 16} First, to impose personal liability on Porter, Riesterer, as the moving party, had the initial burden of proving either that MPORT is the type of business entity that automatically allows its owner to be held personally liable—i.e., that it is a sole proprietorship—or, if MPORT is some other type of business entity, that she had some way to reach beyond the corporate form to hold Porter liable. She did neither.

8.

**{¶ 17}** In her complaint, Riesterer named "Michael E. Porter, Individually and, doing business as MPORT Home Improvement LLC" as defendants. She alleged that Porter was "an individual who does business as MPORT Home Improvement LLC" and that the "company was established on the records of the Ohio Secretary of State on June 15, 2015." The proposal for renovations on Riesterer's condominium that Riesterer attached to her complaint clearly indicates that "MPORT Home Improvement LLC" is the entity that issued the proposal. In their answer, Porter and MPORT responded that "as an individual, Michael E. Porter incorporated his business as MPORT Home Improvement LLC on June 15, 2015[,] * * *" but denied the remaining allegations in that paragraph of the complaint.

**{¶ 18}** In her motion for summary judgment, despite Porter's denial in the answer, Riesterer did not present any further evidence of MPORT's status as an entity; she merely realleged that Porter was "an individual who does business as MPORT Home Improvement LLC"—apparently implying that Porter operated MPORT as a sole proprietorship, despite his claim to the contrary in his answer—and that "[t]his company was established on the records of the Ohio Secretary of State on June 15, 2015." (Emphasis deleted.) At best, this information, construed most strongly in Porter's favor, raises questions about the type of entity that MPORT is.

**{¶ 19}** MPORT's business form is important because it directly affects any determination of Porter's personal liability. If MPORT is operated as a sole proprietorship, Porter would be personally liable under the contract as a matter of law

9.

because "'[a] sole proprietorship has no legal identity separate from that of the individual who owns it. * * * The individual who does business as a sole proprietor * * * remains one person, personally liable for all his obligations[.]'" *Nieman v. Tucker*, 2020-Ohio-4704, 159 N.E.3d 912, ¶ 17 (6th Dist.), quoting *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 574-575, 589 N.E.2d 1306 (1992). In contrast, if MPORT is a limited liability company, imposing personal liability on Porter is not automatic because, generally speaking, a member of an LLC is not personally liable for the LLC's debts, obligations, or liabilities, including the LLC's contractual liabilities. Former R.C. 1705.48(A), (B).[3] Without that crucial first piece of information, we cannot say that Riesterer is entitled to judgment against Porter as a matter of law.

{¶ 20} Additionally, the requests for admission that Porter and MPORT failed to respond to—and that were consequently deemed admitted under Civ.R. 36(A)(1)—do not conclusively establish Porter's personal liability.

{¶ 21} Under Civ.R. 36(A), a party may serve another party with a written request to admit the truth of any matter within the scope of Civ.R. 26(B). The information is deemed admitted if the party to whom the request is directed fails to answer the request

---

[3] On April 12, 2021, R.C. Chapter 1706—the Ohio Revised Limited Liability Company Act, which revamped Ohio's limited-liability-company laws—went into effect. *See* 2020 Am.Sub.S.B. No. 276. The act also repealed the LLC laws in former Chapter 1705 effective January 1, 2022. *Id.* at Section 3-4. However, the repeal of the statutes in R.C. Chapter 1705 "shall not affect an action commenced, proceeding brought, or right accrued prior to January 1, 2022." *Id.* at Section 5. Riesterer filed her complaint in the trial court on May 9, 2018—long before January 1, 2022—so the former LLC laws apply.

10.

within the time designated by rule.  Civ.R. 36(A)(1); *LVNV Funding, LLC v. Takats*, 6th Dist. Lucas No. L-14-1129, 2015-Ohio-3082, ¶ 12.  Any matter deemed admitted under Civ.R. 36 is conclusively established unless the court allows the admission to be withdrawn or amended.  *MSW Capital, LLC v. Bryant*, 6th Dist. Lucas No. L-16-1200, 2017-Ohio-5683, ¶ 10.  An admission can be used to establish a fact essential to the case and is also a proper basis for a motion for summary judgment.  *Takats* at ¶ 14, citing *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 485 N.E.2d 1052 (1985); *Carmel Fin. Corp. v. Leal*, 6th Dist. Lucas No. L-06-1049, 2006-Ohio-5618, ¶ 17.  Civ.R. 36 is self-executing; that is, if a party fails to answer a request for admission, the matter is conclusively established without further action by the requesting party.  *Spencer v. Stowell*, 6th Dist. Wood No. WD-16-044, 2017-Ohio-7353, ¶ 18, citing *Samaan v. Walker*, 10th Dist. Franklin No. 07AP-767, 2008-Ohio-5370, ¶ 8.

{¶ 22} The requests for admission in this case that are most pertinent to Porter's personal liability are Request Nos. 1, 4, and 6.  Request No. 1 reads, "Referring to paragraph 13 of the Complaint, to wit:  'Defendants' actions or inactions constitute a breach of contract.'"—an allegation that Porter and MPORT denied in full—"Admit that your failure to complete performance that is required of you under the contract constitute [sic] a breach of the contract."  Request No. 4 reads, "Admit that Michael E. Porter, individual, performed the majority of the work for improvements made to the subject property."  And request No. 6 reads, in part, "Admit that you failed to perform work and /

or failed to do so in a workmanlike manner below industry standards pertaining to * * *" 15 specific remodeling tasks at Riesterer's condominium.

{¶ 23} Although the defendants in this case—i.e., "Michael E. Porter, Individually and, doing business as MPORT Home Improvement LLC"—are deemed to have admitted to breaching the contract, failing to perform work, and performing in an unworkmanlike manner, there is no way to tell if the "you" and "your" in Request Nos. 1 and 6 refer to Porter personally and individually, Porter in his representative capacity as the owner of MPORT, MPORT as an entity, or some combination of these. These are not questions that can be resolved on summary judgment.

{¶ 24} Moreover, the fact that Porter personally did most of the work at Riesterer's condominium is not necessarily indicative that he is personally liable under the contract. Legally, an LLC is an entity that is separate and distinct from its members, and members can be considered employees of the LLC in certain circumstances. *See, e.g., Trickett v. Masi*, 11th Dist. Portage No. 2018-P-0006, 2018-Ohio-4270, ¶ 19, citing *Disciplinary Counsel v. Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, 843 N.E.2d 169, ¶ 18 (an LLC is a legal entity separate from its members); *Damas v. Damas*, 6th Dist. Lucas No. L-10-1125, 2011-Ohio-6311, ¶ 50, citing *Kafele* at ¶ 18 (same); former R.C. 1705.01(D)(2)(e) (defining an LLC as a separate entity); *Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Kingfish Elec., LLC,* 6th Dist. Williams No. WM-11-006, 2012-Ohio-2363, ¶ 27-29 (discussing whether LLC members were employees of the LLC for purposes of prevailing wage laws). Thus, the mere fact that Porter was the *person* doing

12.

the work at Riesterer's condominium does not also mean that he was the *entity* that was contractually obligated to complete the work.

{¶ 25} In short, it is not possible to determine, just from the requests for admission, that Porter is personally liable under the contract.

{¶ 26} Riesterer argues that the trial court correctly granted summary judgment on the issue of Porter's personal liability because Porter and MPORT did not submit any evidence, as required by Civ.R. 56(E), in opposition to her motion for summary judgment. Riesterer is correct that once the moving party identifies portions of the record that demonstrate the absence of a genuine issue of material fact the nonmoving party cannot rest on the allegations or denials in the pleadings, but must respond with some specific fact in the record or evidentiary material showing that an issue remains for trial. Civ.R. 56(E); *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264; *Riley*, 11 Ohio St.3d at 79, 463 N.E.2d 1246; *Lakeview Loan Servicing, LLC v. Amborski*, 6th Dist. Lucas No. L-14-1242, 2016-Ohio-2978, ¶ 27. However, Civ.R. 56(E) does not require the opposing party to submit evidence—which Civ.R. 56(C) defines as "depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * *"—unless and until "a motion for summary judgment *is made and supported as provided in this rule * * *.*" (Emphasis added.) Civ.R. 56(E). Because Riesterer did not meet her burden of establishing that there were no questions of fact regarding Porter's personal liability, Porter and MPORT's reciprocal duty under Civ.R. 56(E) to respond with "specific facts showing that there is a genuine issue for trial" never

13.

arose. Thus, Riesterer's argument that the trial court properly granted summary judgment against Porter personally because Porter and MPORT did not include any Civ.R. 56 evidence with their response lacks merit.

{¶ 27} Because genuine issues of material fact remain regarding Porter's personal liability under the contract, the trial court erred in granting summary judgment against Porter individually. Accordingly, Porter and MPORT's first assignment of error is well-taken.

### B. Issues of fact remain regarding Riesterer's damages.

{¶ 28} In their second assignment of error, Porter and MPORT argue that the trial court erred in granting summary judgment on the issue of Riesterer's damages because the assessment that Riesterer submitted in support of her motion was "arbitrary, and speculative." Again, Riesterer responds that Porter and MPORT did not meet their burden under Civ.R. 56 to set forth specific facts showing that a genuine issue remained for trial.

{¶ 29} Generally, the appropriate measure of damages for the breach of a construction contract is the cost to repair the deficient work, i.e., the cost of putting the building in the condition the parties contemplated at the time they entered into the contract. *Landis v. William Fannin Builders, Inc.*, 193 Ohio App.3d 318, 2011-Ohio-1489, 951 N.E.2d 1078, ¶ 31 (10th Dist.), citing *Hansel v. Creative Concrete & Masonry Constr. Co.*, 148 Ohio App.3d 53, 59, 772 N.E.2d 138 (10th Dist.2002); and *Barton v. Ellis*, 34 Ohio App.3d 251, 255, 518 N.E.2d 18 (10th Dist.1986). To be entitled to

14.

summary judgment on the issue of damages, a plaintiff must present evidence that shows with some certainty the amount of damages that she suffered, although she is not required to demonstrate the amount of damages with absolute precision. *See Quest Workforce Solutions, LLC v. Job1USA, Inc.*, 2018-Ohio-3304, 119 N.E.3d 817, ¶ 16 (6th Dist.).

{¶ 30} Here, Riesterer relied on five items to support her damages claim: (1) Request No. 6 of the requests for admission; (2) the affidavit of Anthony Schaefer, her construction expert; (3) the "Inspection Checklist" that was apparently prepared by Riesterer's attorneys and that Schaefer completed during his inspection of Riesterer's condominium; (4) a two-page document attached to Schaefer's affidavit that includes his "observations and conclusion" from his inspection of the property and a "preliminary proposal to fix what is wrong with the work and finish what haven't [sic] even been started yet" at a total cost of $27,755; and (5) her own affidavit in which she concurs with Schaefer's findings and proposed repairs. However, the information in these documents, when construed most strongly in favor of Porter and MPORT, does not meet the level of certainty necessary to show that no questions remain for trial.

{¶ 31} First, Schaefer's "preliminary proposal" for repairs does not clearly show how MPORT's admitted breach of the renovation contract resulted in $27,755 of damages. Although Schaefer included a laundry list of tasks that must be completed at the condominium and gave the lump sum of $27,755 as his "preliminary" estimate of what it would cost of complete the renovations, he did not explain how he arrived at the cost of $27,755—for example, by providing costs for the individual items needed for the

15.

condominium or explaining how much of his estimate was for materials and how much was for labor. *Compare Suder-Benore Co., Ltd. v. Motorists Mut. Ins. Co.*, 2013-Ohio-3959, 995 N.E.2d 1279, ¶ 41 (6th Dist.) (expert's opinion on damages was not impermissibly conclusory when the expert described his examination of the site and explained the methods and rationale underlying his estimates of material and labor costs). Schaefer's estimate also included at least one item (installing end caps on baseboard heaters) that does not seem related to any of the remodeling tasks outlined in the October 2016 proposal.

{¶ 32} Additionally, there is some inconsistency between the items that Porter and MPORT were deemed to have admitted by failing to respond to Riesterer's requests for admission and the incomplete and substandard work that Schaefer noted on the "Inspection Checklist." For example, by failing to respond to the requests for admission, Porter and MPORT admitted in Request No. 6 that they "failed to perform work and / or failed to do so in a workmanlike manner below industry standards * * *" by failing to "install tile grout properly[,]" but Schaefer rated the grout work at the condominium as a "2" on the 5-point scale in the inspection checklist (on which 1 meant that Schaefer "Strongly Disagree[d]" with Riesterer's assessment of MPORT's work and 5 meant that he "Strongly Agree[d]" with her), and included the comment that the "[g]rout work is not too bad but has not been clean[ed] up properly." Similarly, despite Schaefer and MPORT's admission to failing to "complete installation of light fixtures[,]" Schaefer

rated the lights' installation as a "2," saying that the "[c]an lights have been installed but trim piece around them have not been installed."

{¶ 33} Taken together, these issues with Schaefer's estimate of Riesterer's damages raise genuine issues of material fact for trial, and the trial court erred by granting Riesterer's motion for summary judgment on the issue of damages.

{¶ 34} And, like with the first assignment of error, Riesterer's argument that the trial court correctly granted summary judgment because Porter and MPORT did not submit any Civ.R. 56(C) evidence in response to her motion for summary judgment is unavailing. Riesterer's evidence in support of her claim for damages, standing alone, does not demonstrate that there are no issues of fact for trial, so Porter and MPORT's reciprocal duty under Civ.R. 56(E) to respond with "specific facts showing that there is a genuine issue for trial" never arose. *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264; *Riley*, 11 Ohio St.3d at 79, 463 N.E.2d 1246; *Lakeview Loan Servicing*, 6th Dist. Lucas No. L-14-1242, 2016-Ohio-2978, at ¶ 27. Thus, Riesterer's argument against Porter and MPORT's second assignment of error lacks merit.

{¶ 35} Because there are genuine issues of material fact regarding Riesterer's damages, the trial court erred in granting summary judgment on this issue. Therefore, Porter and MPORT's second assignment of error is well-taken.

### III. Conclusion

{¶ 36} Based on the foregoing, the portions of the February 17, 2021 decision of the Erie County Court of Common Pleas granting summary judgment against Porter

personally and awarding damages are reversed and remanded because questions of fact remain for trial. On remand, the trial court shall conduct further proceedings on the issue of Porter's personal liability for breach of contract, and the amount of damages that MPORT and/or Porter, if personally liable, owe on the breach.

{¶ 37} Riesterer is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.       _____
                JUDGE
Christine E. Mayle, J.

Gene A. Zmuda, J.       _____
CONCUR.              JUDGE

_____
                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.